**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WINDER HUMBERTO PENA HIDALGO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2738-PRW** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER FOR RESPONSE AND NOTICE**

The undersigned has examined Petitioner's petition for writ of habeas corpus, Doc. 1, and has determined a response is necessary. The Court orders as follows:

> Respondents shall file an answer, motion or other response within **fourteen (14) days from this order's date**, consistent with Rule 5(b), (d) of the Rules Governing Section 2254 Cases.[1]
>
> If Respondents file an answer or other response, Petitioner shall file a reply within fourteen days from the filing date. *See* Rule 5(e). If Respondents file a motion, Petitioner shall file a response within twenty-one days after the date the motion was filed. If a party does not oppose a motion within 21 days, the Court may, in its discretion, deem the motion confessed. *See* LCvR7.1(g).
>
> The Court directs the Clerk of Court to send the petition and this order to the United States Attorney for the Western District of Oklahoma on

[1] "The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241." *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)); *see also* Rule 1(b).

Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

**Respondents must provide the Court with an update of any ongoing proceedings before the Immigration Court (including documentation and transcripts as necessary) in their Response and continue to update this Court throughout the pendency of the matter.**

**If Petitioner no longer appears on the Immigration and Customs Enforcement's detainee locator website, Respondents must provide the Court with proof of Petitioner's current detention location. If Petitioner drops from the locator at any time during the pendency of the case, Respondents must update the Court on the Petitioner's current location.**

Respondents shall not transfer Petitioner to another district unless they provide **72-hours** advance notice of the intended move. Respondents shall file such notice with the Court. Respondents shall state in the notice the reason(s) why Respondents believe such a move is necessary and why the Court should not stay the move pending further court proceedings. Respondents shall not move Petitioner out of this District for a period of at least 72 hours from the time Respondents file the notice described in this paragraph.[2]

**SO ORDERED** this 6th day of October, 2026.

---

[2] The Court may shorten or extend any time period or deadline set forth herein. If any time period stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C). If any time period stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE