**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WINDER HUMBERTO PENA HIDALGO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2738-PRW** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Winder Humberto Pena Hidalgo, a noncitizen proceeding through counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response, Doc. 10, and Petitioner replied. Doc. 12. So, the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background.

Petitioner is a native and citizen of Venezuela who entered the United States on February 6, 2024. Doc. 1, at 3-4. He was released, pursued asylum, filed federal income taxes, received a Social Security number and work authorization, and has no criminal history. *Id.* at 4.

In February 2026, Immigration and Customs Enforcement arrested Petitioner. *Id.* On May 1, 2026, Petitioner filed a § 2241 petition challenging his detention, sought release or a bond hearing, and alleged that his detention had become prolonged. *Id.* at 4; *Pena Hidalgo v. Branche*, 6:26-cv-00192-H, Doc. 1. While that action was pending, an Immigration Judge ordered him removed, and his appeal of that decision remains pending. Doc. 1, at 4-5; *see* 8 C.F.R. § 1241.1. On September 24, 2026, the Northern District of Texas denied Petitioner's habeas petition, concluding he was subject to mandatory detention under § 1225(b)(2)(A). Doc. 1, Ex. 1, at 1-2. The Texas district court also concluded that Fifth Circuit authority foreclosed the requested due process relief. *Id* at 2. Petitioner has since been transferred to the Diamondback Correctional Facility in this district, where he remains detained. Doc. 1, at 5.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## II. Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Respondents concede that *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026), governs Petitioner's request and that he is entitled to relief in the form of a bond hearing.[3] Doc. 10, at 1-2. The Court should grant

[3] Because Petitioner previously filed an unsuccessful habeas petition in the Northern District of Texas, Respondents could have moved to dismiss the petition as an abuse of the writ but did not. *See Stanko v. Davis,* 617 F.3d 1262, 1270 (10th Cir. 2010) (although the AEDPA bar on second or successive habeas petitions does not apply to § 2241, equitable abuse of the writ principles may require dismissal). "[T]he government bears the initial burden of pleading abuse of the writ." *Id.* at 1271. While some "courts have held that the district court may raise abuse of the writ sua sponte, so long as it gives the petitioner notice and an opportunity to respond," *id.* at 1271, the Court should decline to do so here. *See Alsheref v. Mullin*, No. CIV-26-89-G, 2026 WL 23333813, at *4 n. 5 (W.D. Okla. Aug. 12, 2026) (declining to find an abuse of the writ where

him that relief. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to [8 U.S.C.] § 1226(a) are "eligible for bond"). In his reply, Petitioner agrees and seeks only that relief. Doc. 12, at 1-2.

"Unlike [8 U.S.C.] § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Government does not dispute that Petitioner has not received a bond hearing during his current detention. *See* Doc. 10, at 1-2; *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her]

---

Respondents failed to raise it until their objection to the magistrate judge's report and recommendation). Petitioner has now been detained nearly ten months and his appeal of his removal order has been pending nearly five months. Under these circumstances, the Court should take Respondents at their word and order the relief they concede applies.

with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the Government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)"); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a)."). Given Petitioner's reply brief, the Court need not reach his alternative constitutional grounds for that same relief.

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends that the Court grant the petition in part and order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge under 8 U.S.C.

§ 1226(a) within ten days after entry of the district court's order granting relief, or release Petitioner if the hearing is not provided within that period.

The undersigned further recommends that the Court require Respondents to file a status report confirming compliance within ten business days after entry of that order and require the federal Respondents promptly to provide a copy of the order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 30, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[4] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that this "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").

Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 23rd day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE